SALES v. BARBER ASPHALT PAVING COMPANY et al., Appellants.

In Banc, February 19, 1902.

**Municipal Officers:** CITY ENGINEER: STATUTE: REPEAL: EFFECT: CONSTRUCTION: LEGISLATIVE INTENT. Revised Statutes 1899, section 5537, provided that there should be appointed by the mayor certain officers, including a city engineer. Section 5508 gives a city power by ordinance to provide for the appointment of all officers not otherwise provided for. Laws 1901, page 60, repeals section 5537, and enacts a substitute of the same number, in which the city engineer is omitted; and the same act, on page 61, provides that "there shall also be such other officers as may be provided by ordinance." The same Legislature enacted a statute (Laws 1901, p. 74) creating a board of public works, and authorizing such board to appoint the city engineer. Neither section 5541, prescribing the general duties of the engineer, nor sections 5663, 5664, and 5686, prescribing specific duties of such officer, were changed. After the Act of 1901, page 74, was pronounced unconstitutional, the city of St. Joseph adopted an ordinance creating the office of city engineer, and providing for his appointment by the mayor. *Held*, that the Legislature of 1901 never abolished the office of city engineer, never repealed section 5541, Revised Statutes 1899, relating to that office, and did not intend to abolish the office of city engineer, but merely to change the appointing power to the board of public works, and, the act so providing having failed, an appointment by the mayor as provided by the ordinance, is valid.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

REVERSED AND REMANDED.

*R. A. Brown* and *Scarritt, Griffith & Jones* for appellant Barber Asphalt Paving Company.

(1)   The repeal of section 5537, Revised Statutes 1899, took out of the charter of cities of the second class the express requirements that such cities should  have a city engineer. But there was left in that charter a plenary grant of power unto such cities to establish that office by ordinance, and when established, the duties of that office, so far as they are involved in this controversy, are prescribed by that charter. Under rules of construction well settled in this State no effect is to be given the void act in interpreting the statutes which remain, and no light is to be thrown upon the intention of the Legislature by reason of its unconstitutional attempt to amend the law, and no repeal of a valid law or part of a law was accomplished by the formal process of approving the invalid enactment.   City of Westport v. McGee, 128 Mo. 152.   Before the change in the law, cities of the second class were required to have a city engineer.   After the change, the city might, by ordinance, create the office and fill it, and thereupon the engineer became clothed with all the powers vested in him by the general law.   And in addition, he might be invested with other duties by ordinance of the city.   (2)   There was no express repeal of the sections of the charter relative to the powers of the city engineer by the Act of March 13, nor does that act by implication repeal any of those sections.   (a)   If it was intended by the Legislature to repeal other sections than those designated, that body, which speaks only by written enactment, would have said so.   *Expressio unius est exclusio alterius.*   State ex rel. v. Macon Co., 41 Mo. 453; Ludlow v.

Johnston, 3 Ohio, 553; Dodge v. Gridley, 10 Ohio, 178; Railroad v. Evans, 85 Mo.. 303.    (b)   It is contrary to constitutional principles to amend laws in any other way than by an enactment which shall set forth in full the very words of the law as amended.    The doctrine of repeal by implication has grown out of the fact of the Legislature enacting a positive law, valid in all respects, but whose provisions are positively inconsistent with and repugnant to those of a prior law.    In such a case the prior law is said to have been supplanted by the new one and repealed by implication.    The later act of the Legislature manifests and expresses an intention on its part to do away with the prior regulation, and this intention the courts have enforced.    No such intention or effect can be attributed to or rationally grow out of a mere negation—a mere striking out of a word or phrase of a law.    St. Francois Co. v. Marks, 14 Mo. 539; State ex inf. v. Lincoln Trust Co., 144 Mo. 595; Humes v. Railroad, 82 Mo. 221.    (3)   The charter expressly vests in the mayor and common council the power by ordinance to create and prescribe the duties of other officers not enjoined by the charter, as they deem expedient. State v. Bender, 38 Mo. 450; State ex rel. v. Walbridge, 119 Mo. 393; Taylor v. Carondelet, 22 Mo. 105; 1 Dillon's Mun. Corp. (4 Ed.), sec. 308.

*Kendall B. Randolph, H. M. Ramey* and *C. F. Strop* for appellant City of St. Joseph.

(1)   The city of St. Joseph has the power and it is charged with the duty of opening, paving and improving all streets, alleys and avenues in the city and to provide for the payment of the cost and expense thereof and to charge the cost as a special tax against the abutting property.   Subdivisions 8 and 12 of secs. 5508 and secs. 5648, 5660, 5661, 5662 and 5663, R. S. 1899.   (2)   It is a familiar principle that

where a municipal corporation is clothed with a power and charged with the performance of a duty to the public, all the necessary incidents for the purpose of carrying that power into effect and discharging that public duty are implied. Dillon on Municipal Corporations (3 Ed.), secs. 206 and 207; People v. Stevens, 51 How. Prac. (N. Y.) 103; Sheidley v. Lynch, 95 Mo. 487; State v. Walbridge, 119 Mo. 385; St. Francois County v. Peers, 14 Mo. 537; St. Francois County v. Marks, 14 Mo. 539; Railroad v. Marion County, 36 Mo. 304. (3) But in this case, in addition to this implied power, we have the express declaration of the Legislature giving to cities of the second class the power to appoint such other officers, agents and servants as may be provided by ordinance. Laws 1901, p. 61, sec. 2; Sec. 5508, subd. 39, R. S. 1899. (4) The repeal of section 5537, R. S. 1899, did not repeal the provisions of the charters of cities of the second class defining the duties of city engineer, or the statute providing how public work should be let, or the manner of issuing special taxbills against the abutting property. Laws 1901, supra; State v. Morrow, 26 Mo. 141; St. Francois County v. Marks, supra; Railroad v. Marion Co., 36 Mo. 294. (5) If the repeal of section 5537 had any effect upon any other section of the statutes, it could only repeal by implication such parts of said sections as conflicted with the repealing act. State v. Morrow, supra; St. Francois County v. Marks, 14 Mo. 542; State v. Fiala, 47 Mo. 310; State ex rel. v. May, 106 Mo. 502. (6) The powers of the city ought not to be held repealed by the repeal of section 5537, unless upon the whole case it is so clear as to admit of no doubt, because to so hold will work a public wrong. State ex rel. v. Slover, 126 Mo. 660; Lamar W. & E. L. Co. v. City of Lamar, 128 Mo. 188.

*Brown & Dolman* for respondent.

(1) (a) The charter of St. Joseph expressly limits the

power of the Municipal Assembly in providing for the payment of the cost and expense of paving streets to the manner in that article provided. R. S. 1899, sec. 5508, subd. 8. (b) And it saw fit to limit the exercise of that power by creating a charter office and giving its incumbent complete control of the work (Id. 5541) and also charged him with the duty of opening and inspecting all bids therefor (Id. 5548). (c) He was also, as a charter officer, given the extraordinary power, not only of determining when the work should be completed, but of issuing, without notice to the owner, or even naming him, taxbills which should be a lien on his lands, should constitute the foundation of a suit without any allegation that anything had been done by the holder or contractor, and should be prima facie evidence of everything necessary to authorize a judgment to be rendered which would subject the title of his land to its payment (Id., secs. 5663, 5664). (d) Municipal taxes assessed upon real estate do not constitute a lien upon the land against which they are assessed, unless specially made so by the charter. City of Jefferson v. Whipple, 71 Mo. 579; Schmidt v. Schmidt, 57 Mo. 135; Kansas City v. Payne, 71 Mo. 159. "And a municipal corporation can not regulate practice and proceeding in courts. Only the Legislature can make a taxbill prima facie evidence of statements contained in it." Bagley v. St. Louis, 149 Mo. 122. (2) In abolishing the office of city engineer the Legislature already expressed its will that the special and extraordinary powers which had been before vested by it in that office should no longer exist. State ex rel. v. Rackliffe, 64 S. W. 772.

SHERWOOD, J.—1. The trial court upon final hearing, perpetually enjoined defendants from doing any work under a certain contract for street improvement and under ordinance 2647, and from issuing any taxbills against plaintiff's land or beclouding the title of the same, etc.

The correctness of this decree defendants deny, and have

appealed to this court in order here to challenge its correctness.

In the second volume of the Revised Statutes of 1899, under the title of Cities, Towns and Villages, there was section 5537, which provided that: "In all such cities there shall be a city clerk, city engineer, city assessor, city counselor and city comptroller, who shall be appointed by the mayor, by and with the advice and consent of the common council, and shall hold their office for the term of two years unless sooner removed, and who shall perform such duties as may be prescribed by this article or any ordinance of the city." This section, as shown in the margin, has been in existence since 1889 (and before) and was known as section 1284. That section created the offices of city clerk, city engineer, city assessor, city counselor, and city comptroller, who were to be appointed by the mayor, who were to perform such duties as might be prescribed by article 3 of chapter 91, or any ordinance of the city.

In 1901 (Laws 1901, p. 60), the Legislature repealed that section, and in lieu thereof substituted the following section of the same number: "In all such cities there shall be a city clerk, city assessor and city counselor, who shall be appointed by the mayor, by and with the advice and consent of the common council, and shall hold their office for the term of two years unless sooner removed, and who shall perform such duties as may be prescribed by this article or any ordinance of the city."

This new section only mentioned the offices of city clerk, city assessor and city counselor.

The same statute also repealed section 5538 of the same chapter (R. S. 1899) and enacted as a substitute a section of like number (Laws 1901, p. 61). That section relates to and creates the offices of city attorney, judge of police court, city auditor, city treasurer and city comptroller. The section concludes by saying: "There shall also be such other officers, servants and agents of the corporation as may be provided by

ordinance, who shall perform such duties as may be prescribed by ordinance."

The statute in question also repeals section 5548 of the same chapter (R. S. 1899), and enacts a new section of the same number (Laws 1901, pp. 61, 62) which new section relates to the duties of a comptroller, and is a mere duplicate of the section repealed. But these were all the sections which were repealed by the Act of March 13, 1901, section 5541 of the Revision of 1899 being left unmentioned and untouched, by the repealing Act of 1901. That section reads this way:

"Section 5541. *City engineer.*—The city engineer shall superintend the construction of all public works ordered by the common council; shall make out plans, specifications and estimates thereof, and do the surveying and engineering ordered by the city, and perform such other duties as may be prescribed by ordinance."

Now, if there is anything well settled in statutory construction it is this, that where a repealing statute expressly repeals certain sections of a statute by numbers, or a specified portion of another act, or even repeals one clause of a certain section, it follows that in the judgment of the Legislature no further repeal was necessary or intended. [Sutherland, Stat. Constr., sec. 327. To the like effect is State v. Morrow, 26 Mo. loc. cit. 141.]

If the Legislature had intended to have abolished the office of city engineer altogether, they surely would not, while and when repealing other and adjacent sections on the *same* and the *next preceding* pages, have omitted to repeal by number section 5541 which prescribed the duties of such officer. And we may summon further aids and further rules of statutory construction in following after the meaning of the Legislature in the present instance.

Thus the rule *in pari materia* is applicable here. "All consistent statutes relating to the same subject, and hence briefly called statutes *in pari materia*, are treated prospec-

tively and construed together as though they constituted one act.   This is true whether the acts relating to the same subject were passed at different dates, separated by long or short intervals, at the same session or on the same day."   [Sutherland, Stat. Construct., sec. 283.]

And "A statute must be construed with reference to the system of which it forms a part.   And statutes on cognate subjects may be referred to, though not strictly *in pari materia*." [Id., sec. 284.]

Further on, the learned author discussing and discoursing upon the same subject, says:   "Where enactments separately made are read *in pari materia*, they are treated as having formed, in the minds of the enacting body, parts of a connected whole, though considered by such a body at different dates, and under distinct and varied aspects of the common subject.   Such a principle is in harmony with the actual practice of legislative bodies, and is essential to give unity to the laws, and connect them in a symmetrical system.   Such statutes are taken together and construed as one system, and the object is to carry into effect the intention.   It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions.   For the purpose of learning the intention, all statutes relating to the same subject are to be compared, and so far as still in force brought into harmony, if possible, by interpretation, though they may not refer to each other even after some of them have expired or been repealed."   [Ib., sec. 288.]

Now, if statutes which have *expired* or been *repealed*, may be consulted and compared with existent statutes in order to discover the intention of the Legislature in enacting the latter, no reason is seen why resort may not be had to the provisions of an unconstitutional law in order to ascertain the intention of the Legislature in regard to the continued existence of the office of city engineer.

The Legislature in 1901 (Laws 1901, p. 74) enacted a statute creating a board of public works, in cities of 100,000 and less than 150,000 inhabitants. Section 5 of the act authorizes such board to appoint the city engineer, etc. This act was approved March 14, 1901, the day next after the approval of the act in this behalf first aforesaid, which repealed section 5537. Both these statutes in their various provisions must have been in the minds of the Legislature, at the session of 1901, and their intention to continue in existence the office of city engineer seems too plain to be reasonably questioned. The repealed section 5537 took away the appointment of the city engineer from the mayor, and the act approved March 14, 1901, gave the appointment to the board of public works, but in neither case was there the *slightest intimation* of *abolishing the office;* the contrary intention indeed is clearly and indisputably manifested. The only difference, so far as concerns the point in hand, between section 5537, as originally drafted, and section 5 of the Act of March 14, 1901, is the change in the *agency* whereby the city engineer was to be appointed; taken away from the *mayor* and given to the *board of public works.* True, the statute creating that board was pronounced unconstitutional by this court (State ex inf. Mytton v. Borden, 164 Mo. 221); but it is thought that notwithstanding this ruling, the principle heretofore announced respecting the discovery of the legislative intention by consulting *expired* or *repealed* statutes, may well be applied and with equal force and propriety to an *unconstitutional statute.* Such statute, though abortive because unconstitutional, nevertheless is valuable as a medium through which may be discovered and disclosed the intention of the Legislature, when enacting the concurrent legislation which repealed the original section 5537.

Concluding this paragraph, we hold that first, the Legislature never repealed section 5541 relating to the office and duties of the city engineer; second, that the Legislature never

gave any intimation of any intention to repeal that section; but on the contrary, their intention is manifested in the opposite direction and with a clearness that admits of no dispute.

2.    If section 5541 is to be regarded as unrepealed, then such unrepeal amounts to a *legislative recognition* of the continued existence of such office and such officer, and such legislative recognition is equivalent in point of law to prior legislative creation or prior authorization, and of equal force and effect.    This point is settled by abundant authority.    [State v. Elsworth Evans, 161 Mo. 95, and cas. cit.]

3.    The city of St. Joseph had cast upon it by the statute relating to cities of the second class the power and the duty to open, widen, grade, improve and pave its streets.    [Subdivisions 7 and 12 of section 5508 and sections 5648, 5660, 5661, 5662 and 5663, R. S. 1899.]

Section 5663, supra, provides that after a contract has been made for the grading of any street, and ordinance has been passed for the assessment of the value of all the property, etc., the city assessor is to make such assessment and to deliver the same to the *"city engineer,"* and requires the latter, repeating his official title, when the grading is completed, to compute the cost thereof, etc., and requiring that the *"city engineer"* shall compute the cost thereof, and apportion such costs among the several lots and parcels of property to be charged therewith, etc., etc.    After so apportioning and charging the cost of any work, to make out and specify special taxbills according to such apportionment, and charge the same in favor of the contractor, to be paid against the several lots or parcels of lands charged, and register the same in full in his office, and deliver such bills to the party in whose favor issued for collection, and take his receipt therefor, etc.

And section 5664 provides and requires that:    "Every such taxbill shall be a lien on the property therein described, against which the same may be issued on the date of the receipt to the *'city engineer'* therefor," etc.

As to building sewers, etc., sections 5685 and 5686 make provision, the latter section requiring that when a district sewer shall have been completed, the *"city engineer"* "shall compute the whole cost thereof."

·None of these sections quoted from, which fully prescribe and define the duties of the *"city engineer,"* were mentioned or touched upon by either name or number by the Act of 1901, aforesaid, which repealed the original section 5537.

*The office of city engineer of cities of the second class, with its duties defined; then still remains intact;* the only question which remains is whether such a city could provide by ordinance for the appointment of an officer to fill that position. Respecting that point, we have subdivision 39 of section 5508, which gives the city power by ordinance "to provide for the appointment of all officers, servants and agents of the corporation not otherwise provided for."

And in addition thereto, we have the concluding portion of section 5538 as found on page 61 of the Laws of 1901, already quoted, which says: "There shall also be such other officers, servants and agents of the corporation as may be provided for by ordinance, who shall perform such duties as may be prescribed by ordinance."

Under these powers an appropriate ordinance has been passed creating the office of city engineer and authorizing him to be appointed by the mayor, etc. This appointment has been made, and as the *office of city engineer was never repealed,* it was competent under the statutory power conferred, for the defendant city by ordinance to empower the mayor to fill the position of city engineer.

The premises considered, we reverse the decree entered, and remand the cause with directions to the circuit court to dismiss plaintiff's petition. *Burgess, C. J., Robinson, Marshall, Valliant* and *Gantt, JJ.,* concur; *Brace, J.,* in the result.