STATE ex rel. W. T. RAY, County Revenue Collector, Appellant, v. PARAGOULD & SOUTHEASTERN RAILWAY COMPANY, a Corporation, Respondent.

Springfield Court of Appeals, December 5, 1921.

1. **STATUTES: Statutes on Cognate Subjects Referred to for Construction.** In determining legislative intent, statutes on cognate subjects may be referred to though not strictly *in pari materia.*

2. **LEVEES AND FLOOD CONTROL: Railroad Right of Way not Assessed as "Lands" in Levee District Organized by County Courts.** Since various articles of Revised Statutes 1909, sections 5714-5763, relating to drains and levees, expressly mention railway rights of way in addition to "lands," and since sections 5703-

5713, were expressly amended to include such rights of way as lands, the failure to include more than land in article 10 shows an intent not to include such rights of way, notwithstanding the rule expressed in section 8057 that "lands" shall be deemed coextensive with lands, tenements, and hereditaments.

3. ————: Railway Right of Way not Included in "Lands" Assessed by County Assessor for Levee District. Under Revised Statutes 1909, section 5726, imposing the duty of assessing benefits to "lands" of a levee district on the county assessor by section 5726, and section 5734, providing that the board of equalization shall have the same jurisdiction for the purposes of the "levee district act" as is conferred on it in assessment for the State and county purposes, and section 11559, providing that railroads be assessed and equalized by the state board only, railroads rights of way are not included in "lands" assessed by the county assessor under section 5722.

Appeal from Circuit Court of Dunklin County.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*John McAnally, Smith & Bradley* and *George A. Burr* for appellant.

(1) A railroad is subject to special assessments for levee purposes under secs. 5714-5763 inclusive of R. S. 1909. Sec. 8057, R. S. 1909; 18 Ency. A. & E. (2 Ed.) p. 140; Stevenson v. Bachrach, 170 Ill. 256; Aldrich v. Payne, 106 Iowa, 461; Fish v. Fowler, 58 Calif. 373; State v. McFetridge, 84 Wis. 514; Brocket v. Railway, 14 Pa. St. 243; Tiedeman Real Prop. (3 Ed.), sec. 3; Tiffany Real Prop., section 4; Tiedeman Real Prop. (3 Ed.), sec. 2; Tiedeman Real Prop. (3 Ed.), sec. 6; 2 Poll. & Mait. Hist. Eng. Law, 148; Tiffany Real Prop., sec. 4; Purifoy v. Lamar, 112 Ala. 123; People v. Tax Com'rs, 101 N. Y. 322; People v. Cassity, 2 Lans. 298; People v. Cassity, 46 N. Y. 46; Toronto St. R. Co. v. Fleming, 35 U. C. Q. B. 264; N. Y. Bay R. Co. v. Neward, 77 N. J. Law, 270; L. & N. R. Co. v. Barber Asphalt Co., 116 Ky. 856; Figg v. L. & N. R. Co., 116 Ky. 135; State v. Keokuk & W. R. Co., 153 Mo. 157; Railway v. Construction

Co., 24 Ind. App. 114; Rich v. Chicago, 152 Ill. 18; Los
Angeles Pac. Co. v. Hubbard, 121 Pac. 306; Railway v.
Connelly, 10 Ohio St. 159. (2) The judgment of the
condemnation suit is no bar to appellant's present action
because different proofs are required to sustain the two
actions. Cromwell v. Sac. Co., 94 U. S. 351; Garland
v. Smith, 164 Mo. 1; Wimpey v. Lawrence, 208 S. W. 54.
(3) The judgment in the condemnation suit works no
estoppel against appellant in this action because neither
appellant nor its board of directors had any authority,
by judgment or agreement, to exempt respondent from
future "betterments, assessments and taxes" in said
Levee District, if respondent received benefits from the
construction of the levee. Such agreement is *ultra vires*
and void. Sec. 5735, R. S. 1909; Secs. 2360-2368 inclusive,
R. S. 1909; State ex rel. v. Light & D. Co., 246 Mo. 618;
State v. Taylor, 224 Mo. 393; Campbell Lbr. Co. v. Levee
Dist., 186 Mo. App. 371; Birmingham Drainage Dist. v.
Railroad Co., 274 Mo. 140; State v. Sheets, 214 S. W. 376;
Univ. City v. Schall, 275 Mo. 667; Mullens v. Kansas
City, 268 Mo. 444; Lamar Twp. v. City, 261 Mo. 171; Likes
v. City, 167 S. W. 645; Cooperage Co. v. Lbr. Co., 187
Mo. App. 373; Belcher v. Cobb, 169 N. C. 689. (4) The
defenses of *res judicata* and *estoppel in pais* were waived
by respondent when it failed and refused to assert them
in the proceedings to include its road bed in the levee
district in the county court. Such defenses may be
waived. 24 A. & E. Ency. Law (2 Ed.), p. 836; 23 Cyc.,
p. 1215. (5) The description in the tax-bill of that part
of the railroad assessed and taxed is sufficient. State
v. Railroad Co., 101 Mo. 136. (6) The railroad has be-
come a landmark easily capable of absolute location and
identification. Whitwell v. Spiker, 238 Mo. 638; Walker
v. Garner, 268 Mo. 494. (7) This court will take ju-
dicial notice of the location of this railroad. 16 Cyc., p.
861; Railway v. State, 72 Tex. 410; Miller v. Railroad,
83 Tex. 518; Railway v. Johnson, 29 S. W. 428; State v.
Railway, 212 Mo. 658; Smith v. Black, 231 Mo. 681; City
v. Coker, 124 S. W. 729; Railway v. Marrs, (1st case

Tex. Civ. App.) 101 S. W. 1177; Lusk v. Pub. Serv. Corp., 210 S. W. 72; Land Co. v. Schneider, 177 S. W. 388; Ver Steeg v. Railroad Co., 156 S. W. 689; Ettenson v. Railroad Co., 154 S. W. 785; Sikes v. Railroad Co., 176 S. W. 255; Spaw v. Railroad Co., 201 S. W. 927; Darby v. Weber, 208 S. W. 116; Keaton v. Hamilton, 175 S. W. 967. (8) The description in the answer of respondent would cure any defect in the petition or tax-bill if such description were defective. Coulter v. Coulter, 124 Mo. App. 149; Ricketts v. Hart, 150 Mo. 64; Garth v. Caldwell, 72 Mo. 629; 31 Cyc., pp. 714-715; Willis v. Lockett, 26 S. W. 419; Vantilburgh v. Hamilton, 2 Mont. 413; 4 Ency. Pl. & Pr., p. 608; Bliss Code Pl., sec. 437; 1 Chit. Pl. 671.

*Daniel Upthegrove, John R. Turney, Orville Zimmerman* and *Block & Kirsch* for respondent.

(1) We do not deny that there are various decisions by the courts of other States holding that the term "lands" in the particular statutes being reviewed was inclusive of railroad rights of way. In none of those cases, however, does it appear that the Legislature used language as discriminatingly as the foregoing review of the different articles of chapter 41 shows it was used by the Legislature of this State. But in those cases in which the context of the statute has shown a legislative intent to exclude railroads and railroad rights of way, the courts have unhesitatingly given effect to that intent despite the use of the comprehensive term "lands." Page & Jones, Taxation by Special Assessment, sec. 595; North Jersey Street Ry. Co. v. Mayor of Jersey City, 52 Atl. 300; Red Fork Levee Dist. v. St. L. I. M. Ry. Co., 96 S. W. 117; Chicago Rock Island & Pacific Ry. v. Ottumwa, 83 N. W. 1174. (2) Where the description is too indefinite and uncertain to form the basis of a valid assessment or lien, the action cannot be maintained, and no recovery had. State ex rel. Flentge v. Burrough, 174 Mo. 700, 74 S. W. 610; State ex rel. Ward v. Linney, 192 Mo. 49; 90 S. W. 844; State ex rel. Smith v. Williams,

216 S. W. 535; State ex rel. Wyatt v. Wabash Railroad Co., 114 Mo. 1, 21 S. W. 26. (3) "If the description in the assessment is defective, a correct description in the complaint cannot cure the defect." Page & Jones, special assessments, sec. 1239. Evidence is not admissible to supply the defect in the description. State ex rel. Wyatt v. Wabash Railroad Co., 114 Mo. 1, 21 S. W. 26. "Now right of way, of course, is land occupied for the easement, but it has no fixed definite width in our law." State ex rel. Wyatt v. Wabash Railroad Co., 21 S. W. 29.

FARRINGTON, J.—This suit was brought by the State of Missouri at the relation and to the use of W. T. Ray, Collector of the revenue in and for Dunklin County, for the use and benefit of Levee District No. 4 of Dunklin County, Missouri, against the Paragould & Southeastern Railway Company, a corporation, to recover judgment for $227.60 for levee taxes for the year 1917. The petition is in the usual form.

In its answer and amendment thereto the Railway Company set up three defenses: (a) that Levee District No. 4, having been created and organized under article 10, chapter 41, Statutes of Missouri, 1909, had no authority to levy or collect any assessment or tax for levee purposes against the property of the Railway Company; (b) that the Levee District is barred from maintaining this suit by reason of a judgment rendered in a condemnation proceeding in the case of Levee District No. 4 against the Railway Company and others, entered in the circuit court of Dunklin county in 1912; and (c) that Levee District No. 4 is estopped by the foregoing judgment to assert the claim sued on in this case. The reply denied all averments of the answer and amendments thereto.

The case was tried to the court and judgment was entered for the railway company, which is the basis of this appeal.

It is contended on the part of the appellant that a railroad is subject to special assessments for levee pur-

poses under sections 5714 to 5763, inclusive, Revised Statutes 1909, which sections make up the entire article 10, chapter 41 of the statutes relating to the organization of Levee Districts by *County Courts.*

Section 5722, Revised Statutes 1909, authorizes the directors of the District to order the assessment of a tax on all the *lands* within the district benefited.

The terms used in this chapter 41, article 10, concerning property are "Lands," "Real Estate" and "Territory," the word "lands" being most frequently employed. The term Railroad is nowhere mentioned, and it is the contention of appellant that under section 8057, which defines the word lands, shall be taken in meaning co-extensive with lands, tenements and hereditaments; the use of the term lands in the chapter relating to the organization of Levee Districts by county courts is broad enough to include railroad rights of way. A great number of authorities are cited by appellant to sustain this proposition, and were we left to decide the question independent of any other intention than that expressed in chapter 41, art. 10, Revised Statutes 1909, a different conclusion might be arrived at than is here.

It is held in Macke v. Byrd, 131 Mo. 690, 33 S. W. 448, that "all provisions of law on one topic should be considered in determining the meaning of any particular portion thereof, (State v. Pitts, 1872, 51 Mo. 133) and such a construction should be given to the latter as will keep all the provisions of law on the same subject in harmony, and give effect to all, when possible." It is also held in the same case, on page 688, that section 8057, Revised Statutes 1909, is only applicable where the construction it furnishes is not plainly repugnant to the intent of the Legislature or of the context of the statute to be construed.

In determining legislative intent, statutes on cognate subjects may be referred to, though not strictly, *in pari materia.* [State ex rel. v. Wiggins Perry Co., 208 Mo. 639, 106 S. W. 1005; Sales v. Barber Asphalt Paving Co., 166 Mo. 677, 678, 66 S. W. 979.]

There seems to be much difference of opinion concerning whether a railroad right of way is subject to be assessed for local improvements absent an express provision of the statute. [See 1 Page and Jones on Taxation by Assessment, sec. 595.] In determining whether railroad property, such as right of way, was intended to be subject to assessment under the term "lands," as used in chapter 41, article 10, Revised Statutes 1909, it may be well to look at other statutes touching the same and kindred topics.

Article 9, chapter 41, Revised Statutes 1909, provides for the organization of Levee Districts by circuit courts; section 5707 has to do with assessment of benefits, and section 5709 with the assessment of property. In each of them the term "land" is employed, and stood in that position until 1907, when an amendment to that law was passed, which is now section 5708, Revised Statutes 1909, thereby including railroad right of way, roadbed and embankment. We find, therefore, that the laws relating to the topic of Levee Districts, article 9 and article 10, chapter 41, ran along together, in no place mentioning railroad property, but in 1907 the Legislature saw fit to amend the law with reference to districts formed under chapter 9 so as to expressly include railroad property but made no such amendment to article 10, the one under which the District in this case was formed. Turning to article 1, chapter 41, pertaining to the organization of Drainage Districts by circuit courts, we find that in addition to lands (see section 5516, Revised Statutes 1909), railroad rights of way and roadbeds and other railroad property is included for the assessment of benefits and damages, and section 5519 provides for an assessment against "each tract of land or property in said district." Similarly, article 3, chapter 41, providing for the organization of Drainage Districts by county courts, provides for the assessment of "lands, easements and servitudes," (see sections 5555 and 5576) which, there is no denying would embrace railroad rights of way, roadbeds and embankments. Again, article 4,

chapter 41, providing for the improvement of ditches, water courses and levees by proceedings in the county court, in section 5589 authorizes the assessment of "railroads." By expressly including railroad property in the statutes cited, where the term "lands" was also used, shows a legislative understanding that the term lands was insufficient to include railroad property, such as roadbed, rights of way, embankment, etc., and a failure to include more than land in this statute clearly shows an intent not to include them in its operation.

We think the following argument made in respondent's brief is sound, and we adopt it:

"If we further explore this statute, we are irresistibly driven to the conclusion that that construction is repugnant to the legislative intent as shown by the context. Section 5726 of the act imposes upon the county assessor the duty of making the assessments of the benefits to the lands, while section 5734 provides that the county board of equalization "shall have and receive the same jurisdiction over the lands taxed for the purposes in this act specified as conferred by the general laws of the State in the assessment of property for State and county purposes." But railroads are not assessed by the county assessor, but by the state board, created by section 11559, Revised Statutes 1909; and that board, so the same section provides, and not the county board of equalization, likewise equalizes the assessments against railroad property. If, therefore, under section 5734 the county board of equalization was to have only the powers "as conferred by the general laws of the State in the assessment of property for State and county purposes," it could have no power to equalize the assessment of railroad property, for it has none over such property for State and county purposes. Must it not be true then, that the use of the word "lands" in this act was not meant to embrace the railroad right of way, roadbed or embankment, providing as it did no method for a review of an assessment as against a railroad, as we see from the restrictive language of section 5734?" [See Little Rock & Ft. Smith Ry. Co. v. Huggins, 64 Ark. 432.]

We must, therefore, hold that until the Legislature sees fit to give more power than has already been granted, the Levee Districts formed under chapter 41, article 10, have no right to assess railroad property for district purposes. The judgment is affirmed. *Bradley, J.,* concurs. *Cox, P. J.,* not sitting.