Marion D. SNOW, Respondent,

v.

HICKS BROS. CHEVROLET, INC., and Royal Indemnity Company, Appellants.

No. 25697.

Missouri Court of Appeals, Kansas City District.

April 24, 1972.

Harold J. Maddox, Kansas City, for appellants.

Robert A. Bailey, Kansas City, for respondent.

SHANGLER, Chief Judge.

The employer and insurer appeal from the judgment of the Circuit Court affirming the final award of the Industrial Commission in favor of the employee Marion D. Snow. Appellants concede that respondent employee suffered a compensable injury on July 13, 1967, but have contended that a claim for compensation may not be maintained because of the employee's failure to give the employer written notice of the time, place and nature of the injury as required by section 287.420, V.A.M.S., and because the claim was otherwise barred by section 287.430, V.A.M.S., the statute of limitations.

The employee was injured on the employer's premises in open view of Jim Ely, service manager of the shop. Snow injured his back from a fall when the wrench he was using to undo a tierod slipped from his grasp. Ely and another employee, with some effort, got Snow to his feet and he was taken to the Raytown Clinic. There he was examined by Dr. Dillard Eubank, his personal physician, and then on the same day was admitted to Baptist Memorial Hospital where he remained until July 18, 1967. Mr. Ely visited him at the hospital and Ben and Bill Hicks, owners of the employing unit, sent flowers. After release from the hospital, the employee continued under the care of Dr. Eubank and an associate at the Raytown Clinic until September 9, 1967.

Snow returned to his employment on August 7, 1967, but after a brief stint at his normal labors, he found the work caused his back to be painful, so he told Ben and Bill Hicks he "couldn't handle it" and discontinued working there. About a week earlier, he had discussed his medical condition with both of them. In September of 1967, he went to work for another

employer where the work required virtually no physical effort and then, in April of 1968, he returned to Hicks Brothers this time to a position which entailed no physical stress.

The insurer, Royal Indemnity Company, paid Snow workmen's compensation benefits from July 16, 1967 to August 28, 1967 and provided him with medical aid from July 13, 1967 to September 9, 1967, when Snow seems to have been released from the personal care of Dr. Eubank and Dr. DePoe. In August of 1968, the employee telephoned the insurer concerning his injuries and was put in touch with the insurer's attorney, Mr. Maddox, who advised him to return to Dr. Eubank for re-examination and evaluation, and Snow did so in August of 1968. Dr. Eubank x-rayed him, examined him, but did not undertake to evaluate disability. He felt himself not qualified to do so and suggested an orthopedist for that purpose. On October 30, 1968, the employee filed his claim for compensation. On August 8, 1967—well within thirty days of the accidental injury—Dr. Eubank submitted to the insurer a Surgeon's Report (the revised standard form 9 devised by the Division of Workmen's Compensation) which contained the name and address of the injured workman, and the time, place and nature of the injury. On May 28, 1969, the Report of Injury was filed by the employer with the Division of Workmen's Compensation.

■ The record shows that appellants' Answer to Claim for Compensation affirmatively pleads the statute of limitations in bar of the claim, but no other defensive matter. The record also shows that preliminarily to hearing, the referee undertook to define the material matters actually in controversy by requiring the parties to admit or deny whether they remained in issue. Among matters admitted by the employer and insurer was that the employee had suffered an accidental injury arising out of and in the course of employment. Among the matters denied by them was that the claim for compensation had been

filed within the time prescribed by law—also asserted in the Answer as a defense—and that they did not receive notice of the injury as required by statute—a matter not asserted in the Answer. The employee contends, citing Nichols v. Davidson Hotel Company, Inc., Mo.App., 333 S.W.2d 536, 540 [1] that since an affirmative defense must be raised *only* by pleading that defense in the Answer to the Claim for Compensation, appellants have waived the defense of want of statutory notice of injury (which is an affirmative defense) and may not now assert it. In *Nichols,* the employer and insurer asserted on appeal that the employee had the status of a family chauffeur at the time of injury and was therefore exempt from the provisions of the compensation law by section 287.090, subd. 1(2), V.A.M.S. The court in refusing to consider this contention *raised for the first time on appeal* determined that the issue of statutory exemption from compensation liability was properly a matter of defense, a matter to have been litigated before the Commission in the first instance, and that (1.c. 541 [2]) " '(a) defense which is not pleaded is waived' ". Contrary to Snow's contention, however, neither *Nichols* nor any authority it cites holds that, for purposes of appellate cognizance, an affirmative defense to a Claim for Compensation can be raised *only* by pleading it in the Answer. It is enough that the defense has been litigated before the Commission, whether pleaded or not. *Nichols,* supra, 1.c. 540 [1]. But a defense which has been neither "pleaded nor . . . . tried" before the Commission is not a subject for appellate review. *Nichols,* supra, 1.c. 542 [5]; Bryant v. Montgomery Ward & Company, Mo.App., 416 S.W.2d 195, 200 [9].

■ The denial of the employer-insurer that they had been given statutory notice of Snow's injury—made of record in the prehearing proceeding before the referee and in the presence of the employee and his counsel—was a virtual and *de facto* amendment of their Answer so as to raise

that defense as a justiciable and controverted issue. It was an amendment not only acceded to by the employee but also acknowledged as a litigable issue by the admission in evidence, upon his profert, of the Surgeon's Report submitted by Dr. Eubank to the employer-insurer, evidence which tended to prove statutory compliance by the employee.

We reach the merits of this appeal without responding, point for point, to the contentions of the appellants that the final award of compensation was in excess of the powers of the Commission because, among other reasons, the facts found by the Commission do not support the award. We conclude that the award is supported by substantial and competent evidence, all of it uncontradicted, admitting of the Commission's determination of compensation. The essential argument which appellants expound, and which we answer, is that although the employee suffered a palpable, ascertainable accidental injury on July 13, 1967, he did *not* file a claim for compensation until October 30, 1968, more than one year after the employer last treated him on September 9, 1967, and therefore his claim is barred by section 287.430, V.A.M.S., the applicable statute of limitations. Furthermore (appellants continue in argument) whereas by the provisions of this statute of limitations an employer's failure to file a report of injury as required by section 287.380, V.A.M.S., has the effect of tolling limitations, by its terms the statute is not tolled in favor of an employee such as Snow who has not given the statutory written notice of injury.

█ It is clear that neither the text of section 287.420, V.A.M.S., nor the decisions construing it requires the injured *employee,* as a precondition to maintaining a claim for compensation, to give written notice of injury to the employer. That section merely provides:

"No proceedings for compensation under this chapter shall be maintained *unless written notice of the time, place and na-*

*ture of the injury, and the name and address of the person injured, have been given to the employer* as soon as practicable after the happening thereof but *not later than thirty days after the accident,* unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive the notice . . .". (Emphasis supplied)

As published in the annotated statutes, the text of section 287.420 is prefaced by the heading: "Injured person to give written notice to employer—exceptions". This legend, however, is merely an arbitrary indicium *of statutory content inserted by the* revisor for convenience of reference, and because a revisor is without legislative authority, the language of the heading does not affect the sense of the enactment and may not be considered in construing the statute. State ex rel. Agard v. Riederer, Mo., 448 S.W.2d 577, 581 [2]; section 3.-060(1). The plain wording of section 287.-420 accords full legal effect to the Surgeon's Report as a "written notice of the time, place and nature of the. injury, and the name and address of the person injured, . . . given to the employer . . . not later than thirty days after the accident", and Snow's right to maintain a claim for compensation was not diminished because the written notice came to the employer from the treating physician rather than from himself.

█ Actually, by the very terms of section 287.420, written notice is not an unconditional prerequisite to an employee's recovery of compensation, for an employee is authorized to maintain his claim if the Commission finds there was good cause for failure to give written notice or that the employer was not prejudiced by failure to receive it. Klopstein v. Schroll House Moving Co., Mo.App., 425 S.W.2d 498, 503 [2]. Moreover, the purpose of the notice requirement of this section is " 'to enable the employer to protect himself by prompt investigation and treatment of the injury' "

(Lawson v. Vendo Company, Mo.App., 353 S.W.2d 113, 116 [1]), a purpose that is as effectively accomplished when an employer gains actual, timely, knowledge of a potentially compensable injury as when he is given formal, written notice of it. Lawson v. Vendo Company, 1.c. 117 [1]; Klopstein v. Schroll House Moving Co., 1.c. 503 [1–5].

The employer does not dispute it had actual knowledge of Snow's injury virtually contemporaneously with its incurrence or that the employer undertook, at once, to treat the injury and thus minimize liability. And, if the sense of the argument has not eluded us, the employer also tacitly concedes that its actual knowledge of the employee's injury within thirty days of the event dispenses with the necessity for statutory notice in written form (which, in any event, we found to have been given) before the employee may maintain his claim for compensation under section 287.-420. The employer insists, however, that by the express terms of section 287.430, unless the *employee personally* has given the employer the written notice of injury required by section 287.420, he may not have avail of the employer's failure to file the report of injury required by section 287.380 so as to toll the running of limitations in favor of the employee, and because the written notice of injury was given by the treating physician, and not the employee, Snow's claim for compensation filed more than one year after the last payment of compensation is barred, notwithstanding the employer's neglect to file the statutory report of injury until after the claim for compensation had been filed.

■ The employer posits this argument on section 287.430, particularly the language we exerpt and stress:

"No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within one year after the injury or death, or in case payments have been made on account of the injury or death,

within one year from the date of the last payment, or *in cases where the employee has filed the notice required by section 287.420, the claim may be filed within one year after the filing by the employer of the report of injury or death as required by section 287.380* . . . .". (Emphasis supplied).

We have already set out section 287.420 in extenso. Section 287.380, to the extent relevant, provides:

"1. *Every employer* in this state, whether he has accepted or rejected the provisions of this chapter, shall within ten days *after knowledge of an accident resulting in personal injury to an employee,* notify the division thereof, and shall, within one month, file with the division under such rules and regulations and in such form and detail as the division may require, a full and complete report of every injury or death to any employee . . .". (Emphasis supplied)

Accepted principles of statutory construction require us to treat section 287.430 and sections 287.420 and 287.380, to which it refers and which relate to the same subject, integrally and in pari materia. These sections are to be construed with reference to the system of which they form a part, the Workmen's Compensation Law, so as to carry into effect the legislative intent. " 'It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions.' " Sales v. Barber Asphalt Paving Co., 166 Mo. 671, 66 S.W. 979, 980. Another canon of statutory construction sanctions tracing of the historical development of the legislation on the subject "to ascertain the uniform and consistent purpose of the Legislature, or to discover how the policy of the Legislature with reference to the subject-matter has been changed or modified from time to time". State ex rel. Columbia National Bank of Kansas City v. Davis, 314 Mo. 373, 284 S.W. 464, 470 [7].

In 1965, the Legislature repealed thirty-three sections of the Workmen's Compensation Law, including sections 287.380, 287.420 and 287.430, and re-enacted thirty-three new sections relating to the same subject. Section 287.380 was re-enacted virtually without change, as was section 287.420. The only amendments of any significance were the substitution of "division" for "commission" in one section and the juxtaposition of those words in the other. In neither instance was the notice language changed or its meaning in context altered. Section 287.430, on the other hand, was amended to include:

"or in cases where the employee has filed the notice required by section 287.-420, the claim may be filed within one year after the filing by the employer of the report of injury or death as required by section 287.380 . . . .".

It is this amendment which the employer interprets as requiring an employee *personally* to give written notice of injury to the employer before the employer's failure to file report of injury under section 287.380 works to toll limitations. By the year 1965, however, section 287.420 to which section 287.430 directly refers had received the settled judicial construction (as had its statutory precursor) by the appellate courts of this state, that it is not the manner, or by whom, notice is given to the employer that determines whether the requirement of statute has been met, but whether the employer had acquired timely knowledge of a potentially compensable injury, and thus had early opportunity to investigate the accident, treat the injury, minimize the employee's disability and its own liability. Brown v. Douglas Candy Co., Mo.App., 277 S.W.2d 657, 662 [1–4]; Newman v. Rice-Stix Dry Goods Co., 335 Mo. 572, 73 S.W.2d 264, 267 [3–5]; McFall v. Barton-Mansfield Co., 333 Mo. 110, 61 S.W.2d 911, 913 [4]; Lawson v. Vendo Co., 353 S.W. 2d 1.c. 116 [1]. It is to be presumed that by re-enacting section 287.420 in 1965 without substantive change while reincorporating the precise language previously construed, the legislature knew of and adopted the authoritative and settled judicial construction previously accorded it. Stamm Electric Co. v. Hamilton-Brown Shoe Co., 350 Mo. 1178, 171 S.W.2d 580, 583 [6].

Viewed in the perspective of this legislative intent, the construction the employer suggests for section 287.430 is not a reasonable one. It would unnecessarily introduce an ambiguity into the notice provisions of the three statutory sections by reading section 287.420 as requiring that the notice of injury to the employer be given by the employee personally, a requirement which neither the text of section 287.420 nor the fixed judicial interpretation of that section imposes. It is an ambiguity which is heightened by section 287.380(1), to which these two sections are integrally related, under which the employer's duty to file a report of injury unqualifiedly arises "after knowledge of an accident resulting in personal injury to an employee", howsoever such knowledge was acquired by the employer. Reading all three sections as in pari materia, the uniform and consistent legislative purpose we discern—to the extent that it bears on the question presented—is that although an employer is entitled to timely notice of a potentially compensable injury, such notice need not be given by the employee himself, and if an employer with knowledge of such an injury fails to make report of injury, such neglect tolls the running of the statute of limitations in favor of an employee. The statutory construction we adopt permits the three sections to stand together logically and harmoniously.

Finally, the employer contends that there was no competent proof before the Industrial Commission as to when the report of injury was filed, and therefore the claim for compensation was barred by limitations and the award should not stand. Over the objection of the employer, the report of injury was offered by the employee, and received by the referee, but only after it was shown to be a record in

the pending cause on file with the Division. The employer renewed objection that "there is no competent evidence by any witness that it is the Report of Injury from the Division's file. It has not been properly identified." Quite inexplicably, although the referee had already received the exhibit, the employee—without more—once again offered it, but this time under the Uniform Business Records as Evidence Act, section 490.680, V.A.M.S.

The employer now contends that the qualification of the exhibit did not meet the requirements of section 490.680 and for that reason was erroneously admitted. It is clear from the record, however, that it was admitted not in the guise of a business record but as a document filed in a pending cause then under the jurisdiction of the referee. For that reason, the employer's brief raises no point of error nor presents any for appellate determination.

The judgment is affirmed.

All concur.

PRITCHARD, SWOFFORD, and WASSERSTROM, JJ., not participating because not members of the court when cause was submitted.