Dorothy LAWSON, Employee–Appellant,

v.

**EMERSON ELECTRIC COMPANY, Employer–Respondent.**

No. 16995.

Missouri Court of Appeals, Southern District, Division Two.

April 5, 1991.

Motion for Rehearing or to Transfer Denied April 26, 1991.

Application to Transfer Denied June 11, 1991.

William C. Love, Harrison, Tucker & Hyde, Springfield, for employee-appellant.

Carl E. Smith, Curry & Smith, Ava, for employer-respondent.

FLANIGAN, Chief Judge.

On January 25, 1989, claimant Dorothy Lawson filed a claim for compensation under the Missouri Worker's Compensation Law against her employer Emerson Electric Company. The date of the accident was stated as follows: "August 1988." The parts of the body injured were stated as follows: "Back, Spine, Nerves, Muscles, Legs, Hip, Foot and body as a whole." The accident was described as follows: "Employee was assisting in movement of large machine when back suddenly began hurting." The employer's answer generally denied the allegations of the claim.

An evidentiary hearing was held before Administrative Law Judge James H. Wesley, who found in favor of the claimant and awarded benefits. The employer filed an application for review and the Labor and Industrial Relations Commission, with one member dissenting, reversed the award of the administrative law judge and entered a final award denying compensation. Claimant appeals.

The Commission's award stated, in part: "The decisive issue in this case is whether the claimant gave notice of injury to the employer as required by § 287.420."[1] The Commission denied compensation on these grounds: No written notice was given the employer, "there was also no actual no-

---

tice," there was no good cause for not giving notice, and the employer was prejudiced by the failure to receive notice.

Claimant asserts that the Commission's final award denying compensation is not supported by competent and substantial evidence on the whole record because the employer waived its right to rely on § 287.420 by failing to allege the statute in its answer and to make the statute an issue prior to an evidentiary hearing. For the reasons which follow, this court agrees.

There is no dispute concerning the facts which govern the issue of whether the employer waived any possible defense of non-receipt of the notice mentioned in § 287.420. For that reason, "we are not bound by the principle that we are not to substitute our judgment for that of the Commission when there is substantial evidence supported by the record." *Ikerman v. Koch*, 580 S.W.2d 273, 278[1, 2] (Mo. banc 1979). Where a ruling is based upon an interpretation of law, the appellate court is not bound by the Commission's ruling. Here the facts are not disputed and the question becomes one of the application of the law to the facts. *Id.*

Section 287.420 reads:

"No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive the notice. No defect or inaccuracy in the notice shall invalidate it unless the commission finds that the employer was in fact misled and prejudiced thereby."

8 CSR 50–2 contains the regulations of the Department of Labor and Industrial Relations governing procedure for claims in workers' compensation cases. The claim filed by claimant was on Form 21, Claim

---

1. All references to statutes are to RSMo 1986, V.A.M.S.

for Compensation, prescribed by the Commission. 8 CSR 50–2.010(11). The claim did not allege that the written notice mentioned in § 287.420 had been given to the employer, and Form 21 did not require such an allegation.

The answer to the claim for compensation, filed by the employer, was on Form 22, prescribed by the Commission. 8 CSR 50–2.010(12). Near the top of Form 22 is the admonition "State facts and not conclusions."

Paragraph 7 of Form 22 opens with the following instructions:

"All of the statements in the claim for compensation are admitted except the following: Here should be separately set forth the question number of each disputed statement in the claim for compensation, the reason why disputed, and the facts in regard thereto. *Also any other facts tending to defeat the claim.*" (Emphasis added.)

In the space under paragraph 7, the employer stated:

"Comes now Employer and in Answer to the claim filed states, as follows:

That employer is without knowledge sufficient to affirm or deny the allegations contained in the claim for compensation and must, accordingly put to claimant the proof of her allegations."

8 CSR 50–2.010(22) reads: "At the beginning of each hearing, the administrative law judge shall ascertain from the parties the facts on which there is agreement *and shall thereafter confine the evidence to contested issues.*" (Emphasis added.)

At the outset of the evidentiary hearing, Judge Wesley, after announcing the presence of the parties and their respective attorneys, stated:

"The record should further reflect that prior to going on the record a discussion was held in regard to the issues being presented at this hearing, and the main issue is one of whether or not the injury is work related, which would include in that dispute accident, causation, and whether or not an injury arose out of the employment, whether or not the injury arose in the course of employment.

The employee is claiming past medical expenses, past temporary total disability.

An agreement was made in regard to the compensation rate, and it is $135.13 per week.

There is also a claim for future medical treatment and future temporary total disability.

If there is nothing further from a preliminary standpoint, you may proceed, Mr. Love [claimant's attorney.]"

Neither side made any comment on Judge Wesley's statement.

The "Findings of Facts and Rulings of Law" made by Judge Wesley included the following:

"Ms. Lawson testified that on the day in question she was getting ready for a 'changeover', and as she was moving a machine (which she had done numerous times before), her lower back started hurting and stinging. She reported it to her foreman (nothing was done), but, however, she continued to work. She worked until September 10, 1988. At that time she saw the doctor. She testified as to her course of treatment and the numerous referrals to other doctors.

Mr. Henry (personnel manager of the employer) stated that the employee never told him about her injury and that the first he knew of her injury was in the first part of October 1988, when the employee wanted to know as to whether or not the employer was going to pay the medical bills under workers' compensation.

Cindy State (supervisor) stated that the employee never mentioned the August 1988 back injury to her and that during August of 1988 she saw the employee on a daily basis and that the employee did her job without any problems."

In his comments accompanying his findings, Judge Wesley said that the testimony of Cindy State and that of Mr. Henry "that the employee did not report an incident to her *are not really in issue.* The employee testified that she did continue to work, although experiencing some problems, and

it was not until September that the problems did become severe enough so that she began seeking medical attention." (Emphasis added.)

In its application for review, the employer alleged that the administrative law judge's award was erroneous for several reasons, including: "(1) No notice of report of injury given to employer pursuant to § 287.420 RSMo without good cause prejudicing employer."

In *Newman v. Rice–Stix Dry Goods Co.,* 335 Mo. 572, 73 S.W.2d 264 (1934), a workers' compensation proceeding involving a death claim, the Commission found in favor of the surviving relatives and the employer and insurer appealed. The briefs of appellants in the supreme court sought to raise for the first time the issue of whether written notice required by what is now § 287.420 had been given the employer. The claim contained no reference to the statutory notice, and the answer of the employer and insurer consisted of a general denial of the allegations set forth in the claim. 73 S.W.2d at 267–268, affirming the award in favor of the survivors, the court said:

"[T]he requirement of written notice is a reasonable provision for the benefit of the employer, but the giving of such notice is not an unconditioned prerequisite to recovery. The statutory requirement of notice is designed to give the employer timely opportunity to investigate the facts. But if he knows the facts or there is no dispute about them, failure to receive the written notice could not prejudice him. The commission is empowered to award compensation though written notice has not been given if it finds there was good cause for not giving it or that the employer was not prejudiced by failure to receive it. In order to determine whether or not the employer was prejudiced by such failure, the commission would have to hear evidence on the point. Suppose that at the beginning of the hearing the employer were to say to the referee or to the commission before whom the hearing was held that he made no point relative to want of notice or prejudice because thereof.... But if

such situation should arise, as it might, must the referee or the commission hearing the case take testimony on such question about which no issue is made? We think not. A question of this kind should be first raised where, if possible, it can be met by evidence that notice was given or that failure to give it was excusable or did not prejudice the employer, so that the issue, if there be any dispute about it, may be determined by the tribunal charged by statute with the duty of determining it. If the employer, in words or by his conduct and the manner in which he proceeds before such tribunal, there indicates that there is no such disputed issue in the case, he should not be permitted to raise the question for the first time on appeal after the entire original record is made up."

In *Snow v. Hicks Bros. Chevrolet, Inc.,* 480 S.W.2d 97 (Mo.App.1972), the employer and insurer appealed from the judgment of the circuit court affirming a final workers' compensation award in favor of the employee. Appellants contended that the claim should have been denied because the employer had not received the written notice required by § 287.420 and because the claim was otherwise barred by § 287.430, the statute of limitations. Appellants' answer to the claim for compensation pleaded § 287.430 as a bar, but made no mention of § 287.420. At the outset of the hearing, the referee undertook to define the issues and at that time the employer and insurer stated that they did not receive notice of the injury as required by § 287.420. At 480 S.W.2d 100–101 the court said:

"The denial of the employer-insurer that they had been given statutory notice of Snow's injury—made of record in the prehearing proceeding before the referee and in the presence of the employee and his counsel—was a virtual and de facto amendment of their Answer so as to raise that defense as a justiciable and controverted issue. It was an amendment not only acceded to by the employee but also acknowledged as a litigable issue by the admission in evidence, upon his profert, of the Surgeon's Report sub-

mitted by Dr. Eubank to the employer-insurer, evidence which tended to prove statutory compliance by the employee."

In the case at bar, the claim for compensation did not allege, and Form 21 did not require it to allege, that the written notice mentioned in § 287.420 had been given to the employer. Thus, that portion of the answer which pleaded that the employer was without knowledge sufficient to affirm or deny the allegations contained in the claim did not create any issue with regard to the statutory notice.

Form 22 required the employer to state "facts and not conclusions" in its answer. That form also imposed upon the employer the duty to set forth "also any other facts tending to defeat the claim." No such "other facts" were stated in the answer. The answer did not cite § 287.420, nor did it allege that the employer failed to receive notice of the type described in the statute. The answer was silent with regard to the notice mentioned in § 287.420. At the hearing before Judge Wesley, unlike the situation in *Snow*, the employer continued to remain silent on that subject.

8 CSR 50–2.010(22) required the administrative law judge to confine the evidence to contested issues. At the outset of that hearing, Judge Wesley stated that the "main issue" was whether the injury was work related and that the main issue "would include in that dispute accident, causation, and whether or not an injury arose out of the employment, whether or not the injury arose in the course of the employment." At that point in the hearing, if the employer intended to make an issue concerning non-receipt of the notice mentioned in § 287.420, its counsel should have so stated. The employer made no

such statement, nor did the employer request leave to amend the answer to plead an issue with respect to the statutory notice. That conduct on behalf of the employer explains Judge Wesley's statement that whether the employee reported an incident to the supervisor, Cindy State, was "not really in issue."

This court holds, in the language of *Newman, supra*, that the employer "by his conduct and in the manner in which it proceeded before the administrative law judge," indicated that there was no issue in the case with respect to the notice mentioned in § 287.420 and thereby waived such issue.

The issue of whether an accident had in fact occurred was litigated at length at the hearing before the administrative law judge. There was, however, no trial of the issue of whether the notice mentioned in § 287.420 had been given. Although there was evidence that the claimant had given her supervisor oral notice of the injury, and the employer introduced contrary evidence on that point, that evidence was germane to the issue of whether an accident had in fact happened, an issue created by the pleadings and mentioned specifically by the administrative law judge at the outset of the evidentiary hearing. Whether an accident happened is not the same issue as whether the employer received notice of an accident. Even a fictitious accident can be reported and, of course, there may be no report of an actual accident.

It is true that in *Newman* the issue of the statutory notice was not raised until the case was in the supreme court. In the case at bar, the employer sought to raise the issue in its application for review. 8 CSR 20–3.030(2), set out marginally,[2] limits the right of either side to submit additional

2. 8 CSR 20–3.030(2) reads, in pertinent part: "(2) Additional Evidence.
    (A) After an application for review has been filed with the commission, any interested party may file an application with the commission for permission to submit additional evidence at a hearing before the full commission or one (1) of its members. *The hearing of additional evidence by the commission will not be granted except upon the ground of newly discovered evidence which could not with reasonable diligence have been produced at the hearing before the*

*administrative law judge.* The petition for authority to submit additional evidence must set out specifically and in detail—
    1. The nature and substance of the newly discovered evidence;
    2. Names of witnesses to be produced;
    3. Nature of the exhibits to be introduced;
    4. Full and accurate statement of the reasons why such testimony or exhibits could not reasonably have been discovered or produced

evidence at a hearing before the Commission or one of its members. After the application for review had been filed with the Commission, neither side requested leave to present additional evidence to the Commission, and no such evidence was presented.

Since the employer, by its conduct, had waived any issue with respect to receipt of a notice under § 287.420, the Commission had no authority to deny benefits on the grounds that no written notice was given, that no actual notice was given, that there was no good cause for the failure to give notice, or that the employer was prejudiced by the failure to receive the notice. In making its award on grounds not in issue, the Commission acted in excess of its powers.

The award of the Commission is reversed and the cause is remanded for further proceedings not inconsistent with this opinion. It is so ordered.

PARRISH, P.J., and SHRUM, J., concur.

at the hearing before the administrative law judge;

.    .    .    .    .

(B) ... *The commission is opposed, as a matter of policy, to the granting of the taking of* *additional testimony except when it considers that such action should be taken in the furtherance of justice. Therefore, all available evidence should be introduced at the hearing before the administrative law judge."* (Emphasis added.)