Dorothy LAWSON, Claimant–Appellant,

v.

**EMERSON ELECTRIC COMPANY,** Employer–Respondent.

No. 17768.

Missouri Court of Appeals, Southern District, Division One.

July 1, 1992.

Motion for Rehearing or Transfer to Supreme Court Denied July 23, 1992.

**468**

William C. Love, Harrison, Tucker & Hyde, Springfield, for claimant-appellant.

Carl E. Smith, Curry & Smith, Ava, for employer-respondent.

PARRISH, Judge.

Dorothy Lawson (claimant) appeals from a decision of the Labor and Industrial Relations Commission (commission). The decision from which she appeals denied her claim for workers' compensation benefits. An administrative law judge, after a hearing, found in claimant's favor and awarded benefits. § 287.460.[1] The commission, upon application of Emerson Electric Co. (employer), reviewed the award and reversed it, thereby denying compensation. § 287.480. The commission found there was no showing that a work-related accident occurred. It further found that even if there had been an accident, as claimant alleged, the injuries about which she complained were not shown to have been caused by those events. This court affirms.[2]

Claimant worked for employer at the time when she contends she was injured. She alleges that she was nearing the end of a shift; that she and other employees were "getting ready to have a changeover." The assembly line was being made ready for the employees to work on a different type of motor than the ones that they had worked on immediately prior to the change. Claimant testified that she started to move a machine she had been using; that she proceeded to push the machine across the floor. She was asked the following questions and gave the following answers:

Q. ... What happened when you tried to push that machine?

A. Well, my back started burning and stinging. I got real sick at my stomach.

---

**1.** References to statutes are to RSMo 1986.

**2.** This case was before this court previously. The commission originally denied the claim on the grounds that claimant failed to give the employer notice of her injury as is required by § 287.420. This court held that the employer had waived that requirement and, therefore, that the commission had no authority to deny

benefits on those grounds. The case was reversed and remanded for further proceedings. *Lawson v. Emerson Electric Co.*, 809 S.W.2d 121, 126 (Mo.App.1991). Following remand, the commission reviewed the case on the existing record, without further evidence, and again denied compensation. It is from that determination that claimant now appeals.

My leg started hurting me, and I broke out in a cold, clammy sweat.

Q. What part of your back began burning?

A. The lower part of my back.

Q. Did you tell anyone what had happened?

A. Well, I said a few bad words, and I said I'd hurt my back. And then Cindy State [ ] came up through there, and I said—

Q. Okay. Who is Cindy State?

A. She is the foreman.

.        .        .        .        .

Q. Okay. What did you tell Cindy?

A. I said, "Cindy, I hurt my back," and she said, "I'll be back, just a minute." And I further stated, as she was walking off, "moving this ... machine."

Q. That's what you had told—

A. Because I was hurting, and I was about to cry. She just ignored me.

Q. And did Cindy ever come back to you?

A. No, sir, she didn't.

Claimant took no further action to notify the employer of her alleged injury. She continued to work full shifts until September 10, 1988, when she first sought medical attention.

Cindy State, the foreman to whom claimant referred, testified that she was one of claimant's supervisors on the date when claimant contends she was injured. Ms. State testified that she did not have a conversation with claimant in August 1988—claimant contends that the accident occurred on August 14 or 15, 1988. She said that claimant told her earlier that she had injured her back. Ms. State testified that claimant told her in June 1988 that she had back problems, "She told me that she couldn't move the amp machines because she had back problems." Ms. State continued, "I told her that that was not a problem, I didn't ask my amp operators to move the machines, I moved them or my subfore-

man." Ms. State did not recall having seen claimant move a machine.

Claimant's evidence included medical records from five physicians [3] and one chiropractic physician. Claimant was sometimes seen by other physicians in the offices of those whose medical records were included in the transcript on appeal. The evidence also included the deposition testimony of the chiropractor, Dr. Beem.

The medical history that was recited in Dr. Beem's records included reference to a statement by claimant that she had been injured "in the spring of 1988" when "a machine she was working on exploded knocking her backward." It stated that "she regained her balance and did not fall." It continued, "She stated that she continued to work and never did get completely over the pain and in August of 1988 she was working on her regular job and was moving a machine at work and hurt her lower back."

Dr. Beem's deposition testimony revealed that he had first seen claimant on November 22, 1988. He related the history that he received from her at that time, including a history of accidents that she told him had occurred at her place of employment. Dr. Beem testified as to physical findings that his examinations of claimant revealed. He was asked, based upon the history that he was given, his examination of claimant, and his review of medical records, whether he had an opinion, "within reasonable chiropractic medical limits," about the conditions that he had observed in his examination of claimant. He answered, "In my opinion, the exam that I performed is consistent with the injuries to the back that [claimant] described as occurring, in August of 1988, and the earlier injury of 1988." He expressed the opinion that claimant was "totally unable to work at any occupation" when he saw her on November 22, 1988.

The commission's determination of the claim denying compensation included:

... The issues raised in the Application for Review included, "5. No substantial

**3.** Copies of medical records that are part of the transcript on appeal include records from Scott McMurray, M.D., John Bartlett, M.D., Aly M. Mohsen, M.D., Bonnie D. Brownsworth, M.D., Stephen D. Armstrong, M.D., and from Lawrence D. Beem, D.C.

and competent evidence to support award as to issues of accident, work related-ness, causation, or damages." The Commission finds that at least two of the issues raised both before the administrative law judge, litigated, and raised in the Application for Review, but not previously considered by the Commission, are dispositive of the case and must be ruled against the claimant. These are accident and medical causation.

First, the Commission is not convinced that the claimant was involved in a work related accident which resulted in injury on or about August 14, 1988.... She allegedly told Cindy State, her foreman, that she hurt her back as Ms. State was walking by. The claimant said the foreman just ignored her and never came back. Ms. State categorically denies having heard any complaint from the claimant regarding her back.

.     .     .     .

Our finding in this respect also is fortified by the testimony of the employer's witnesses. Ms. State indicated that only foremen and subforemen were to move machines, and [claimant] worked in neither capacity. In fact, in June 1988, the claimant reported to Ms. State that she was incapable of moving machines due to preexisting back difficulties....

Finally, even assuming arguendo that an accident did occur and that the claimant suffered some immediate back pain, we fail to be convinced by the employee's evidence that her current condition is the result of a work related accident in August 1988. The claimant saw numerous medical doctors.... The only medical professional to testify regarding causation and the extent of the claimant's disability was Dr. Lawrence Beem, a chiropractor.

Dr. Beem testified that when the claimant arrived at his office on November 22, 1988, she needed assistance to come into the office and was totally unable to work at any occupation and even unable to take care of her home. Dr. Beem opined that the claimant's condition was the result of the alleged work accident in August 1988. But, it seems incredible that the claimant was able to work for nearly a month immediately after the alleged accident and now, due to that same alleged accident, she cannot even ambulate without assistance. Moreover, Dr. Beem's opinion on the issue of causation was based solely on statements from the claimant to him and to other physicians [reference to transcript omitted]. And Dr. Beem agreed that there are a myriad of methods by which one can strain her back, such as moving furniture in a house, mowing a lawn, and picking up firewood.

The Commission is charged with the responsibility of passing upon the credibility of witnesses, and it may disbelieve testimony of a witness even though no contradictory or impeaching evidence is presented. *Page v. Green,* 686 S.W.2d 528, 530 (Mo.App.1985); *Kowalski v. M-G Metals and Sales, Inc.,* 631 S.W.2d 919, 921 (Mo.App.1982). Employing its prerogative, the Commission finds that the claimant's contention that she was engaged in a work related accident which resulted in an injury in August 1988, is not credible in light of her subsequent conduct. The Commission also does not believe the opinion of Dr. Beem that the claimant's current condition and disability is the result of any alleged work related accident in August 1988.

.     .     .     .

Claimant contends that the commission erred in finding that there was no work-related accident and in finding that even if such an accident occurred, there was no proof that the injury of which claimant complains was caused by the accident. She asserts that the commission's findings were not supported by substantial evidence and are contrary to the weight of the evidence.

This court may modify, reverse, remand for rehearing or set aside the award of the commission only if the commission's actions were unauthorized by law or in excess of its authority, fraudulent, unsupported by the facts as found by the commission, or unsupported by competent evidence. § 287.495. "The Commission is

the sole judge of the credibility of the witnesses and the weight and value of the evidence." *Tyra v. Delta Veterinary Clinic, Inc.*, 687 S.W.2d 931, 934 (Mo.App. 1985). The inquiry on questions of fact decided by the Commission "is limited to whether, upon the whole record and considering the evidence in the light most favorable to the Commission's findings, the Commission could have reasonably made such findings and reached the result it did." *Swillum v. Empire Gas Transport, Inc.*, 698 S.W.2d 921, 925 (Mo.App.1985). This court may not substitute its judgment on issues of fact for the judgment of the commission even if this court would have made a different initial conclusion. *Sellers v. Trans World Airlines, Inc.*, 776 S.W.2d 502, 504 (Mo.App.1989).

■ Reviewing the determination of the commission within the foregoing parameters and considering that it is the commission that must determine the credibility of witnesses, this court concludes that the record before it demonstrates there was sufficient competent evidence from which the commission could have found that claimant did not sustain a work-related accident. Likewise, the determination of the commission that there was not a sufficient showing of medical causation, even if such an accident occurred, does not fail for lack of sufficient competent evidence. Although there was contrary evidence which, if believed, would have permitted the commission to have found otherwise, there has been no showing that the decision the commission reached was not within its power or authority to make. Neither has there been a showing that the commission's determination was the product of fraud nor that the facts, as they were found by the commission, do not support its determination. Claimant's point is denied.

■ One further aspect of this appeal warrants comment. Although not presented as a "point relied on" in claimant's initial brief, her reply brief asserts that the commission erred in denying her claim because the commission "failed to advise the parties as to the procedure by which it would subsequently review the case after the prior reversal by the Court of Appeals." *See* n. 2, *supra.* Claimant, the

appellant in this case, contends that the procedure followed by the commission amounted to her being denied due process of law. Specifically, she complains that she was not given "an opportunity to submit ... additional proof" on the issues that the commission determined.

A reply brief, as permitted by Rule 84.04, is to be used solely to "reply" to arguments raised by respondents, not to raise new points on appeal. *Kramer v. Mason,* 806 S.W.2d 131, 134 (Mo.App.1991). "Any other holding would deny the respondent the opportunity to respond to appellant's allegations." *Id.* Nevertheless, review *sub gratis* of that complaint does not reveal it to be a basis for relief. Due process amounts to a notice and an opportunity for the parties to have been heard. That is its "root" requirement. *Belton v. Board of Police Commissioners,* 708 S.W.2d 131, 137 (Mo. banc 1986). An evidentiary hearing was held before the administrative law judge prior to the initial decision of the commission and the appeal from that decision. The issues ultimately decided by the commission were the issues that were tried at that hearing. Claimant was afforded due process. The commission's denial of compensation is affirmed.

PREWITT, P.J., and CROW, J., concur.