Dalmer LAWTON, Claimant–Respondent,

v.

**TRANS WORLD AIRLINES, INC.,**
Employer–Appellant.

No. 65502.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 18, 1994.

J. Bradley Young, Roberts, Perryman, Bomkamp & Meives, P.C., St. Louis, for appellant.

John B. Boyd, Connaughton, Boyd & Kenter, P.C., Kansas City, for respondent.

CRANDALL, Judge.

Employer, Trans World Airlines, Inc., appeals from the decision of the Labor and Industrial Relations Commission which awarded workers' compensation benefits to claimant, Dalmer Lawton. We affirm.

The evidence adduced at the hearing established that claimant was an aircraft inspector working for employer. On June 23, 1988, he was inspecting the engine of an airplane in preparation for departure. He climbed a ladder and was about ten feet off the ground when he slipped on some hydraulic fluid that spilled onto one of the steps of the ladder. He fell to the concrete pavement below, landing on his left arm. His arm then gave way and he fell onto his back. As a result of the fall, he alleged that he injured his arm and shoulder, as well as his lower back and left hip.

Claimant's evidence of his injuries included medical records and the depositions of two physicians. The hospital emergency room admitting form did not mention any injury to, or pain in, claimant's back and hip, but referred only to the injury to his left arm. The records of the two physicians who later treated claimant made no mention of treating claimant's hip or back. A third physician, an orthopedic surgeon to whom claimant was referred by the original doctors, only treated claimant's arm. In the orthopedic surgeon's deposition testimony, he stated that he couldn't recall whether claimant complained of pain in his lower back and hip, but that claimant was referred to him solely for the treatment of his left arm. After approximately five visits, the orthopedic surgeon discontinued treatment and did not recommend any work restrictions. In his opinion, claimant suffered a two to five percent permanent partial disability of his arm at the level of the wrist.

Claimant's examining physician testified by way of deposition that in addition to complaining about the pain in his left arm, claimant told him of pain in his low back and left hip. He stated that x-rays revealed degenerative arthritis in claimant's back. In his opinion, although claimant's degenerative arthritis was asymptomatic prior to the fall, the arthritic condition existed before the fall and

was exacerbated by the fall. He rated claimant's permanent partial disability at 20 percent of the man as a whole due to his low back and left hip and 40 percent of the left upper extremity at the shoulder.

Claimant contends that he informed the staff in the emergency room and all other physicians about the pain he was experiencing in his lower back and hip, but that they disregarded his complaints. Claimant's medical treatment by the first three physicians consisted of physical therapy and medication and was confined to his left upper extremity.

At the time of the hearing, claimant was still experiencing pain, particularly when lifting or carrying heavy equipment or when working in awkward positions. He walked in a stooped over manner, favoring his left side. Two of claimant's fellow employees testified that claimant walked in this manner after the accident. Claimant's supervisor, however, testified that he had observed no obvious disability in claimant and that no special accommodations had been made for claimant to perform his job.

The administrative law judge awarded claimant workers' compensation benefits, finding that claimant had a 30 percent permanent partial disability to the left upper extremity at the shoulder, a 15 percent permanent partial disability to the body as a whole referable to the low back and left hip, and 37½ percent permanent partial disability to the body as a whole as a result of the combined disabilities. The Labor and Industrial Relations Commission (Commission) affirmed the award, adopting the findings of fact and rulings of law of the administrative law judge.

In his sole point on appeal, employer claims that the Commission's award of workers' compensation benefits was not supported by substantial and competent evidence. Employer raises several specific challenges to the sufficiency of the evidence.

■ Upon review, an award of the Commission may be overturned only if it is not supported by substantial evidence or when it is clearly contrary to the overwhelming weight of the evidence. *Johnson v. City of Duenweg Fire Dept.*, 735 S.W.2d 364, 366

(Mo. banc 1987). The Commission is the sole judge of the credibility of the witnesses and of the weight and value of the evidence. *Lawson v. Emerson Elec. Co.*, 833 S.W.2d 467, 470–471 (Mo.App.S.D.1992). On questions of fact, the inquiry is whether, upon the whole record and considering the evidence in the light most favorable to the Commission's findings, the Commission could have reasonably made such findings and reached the result it did. *Id.* at 471. The appellate court may not substitute its judgment on issues of fact for the judgment of the Commission, even if the appellate court would have reached a different initial conclusion. *Id.*

■ Employer first contends that claimant's testimony regarding his injuries was inconsistent with other testimony and was not supported either by medical records or by the deposition testimony of the treating physicians. Employer points to claimant's failure to mention any back or hip pain following the fall either to the emergency room staff or to the physicians who subsequently treated him.

■ The Commission is authorized to base its findings and award solely on the testimony of the claimant. *See Davies v. Carter Carburetor, Division ACF Industries, Inc.*, 429 S.W.2d 738, 748 (Mo.1968). The claimant's testimony, if believed, constitutes substantial evidence that he sustained injury as a result of the accident. *See Id.*

■ In the instant action, claimant testified that he informed all medical personnel that he injured his lower back and left hip in the fall on June 23, 1988. His examining physician testified that claimant reported the pain in his back and hip to him. The emergency room record is silent on the issue of back or hip pain and the orthopedic surgeon couldn't "recall" whether claimant informed him about such pain. This evidence, however, does not directly contradict claimant on the issue of injury to his back and hip. *See Indelicato v. Missouri Baptist Hosp.*, 690 S.W.2d 183, 186 (Mo.App.1985). The Commission was free to base its findings and award solely on claimant's testimony, particularly when that testimony was not in direct conflict with other evidence before it.

Employer next contends that claimant failed to prove that his back and hip injuries arose out of the accident on June 23, 1988. Employer points to evidence that claimant had a pre-existing arthritic condition that was merely aggravated by the accident, not caused by it. Relying on *Griggs v. A.B. Chance Co.*, 503 S.W.2d 697 (Mo.App. 1973), employer claims that medical testimony is absolutely essential to establish a causal connection between claimant's back and hip problems and the accident in question. "[W]here there is a serious question of pre-existing disability and its extent, the proof of causation is not within the realm of lay understanding nor—in the absence of expert opinion—is the finding of causation within the competency of the administrative tribunal." *Id.* at 704–705.

In the instant action, expert testimony as to causation was furnished by claimant's examining physician. That physician stated that the exacerbation of claimant's condition in his lower back as well as the injury to his hip was caused by the accident at issue. He then rated the disability referable to claimant's lower back and hip at 20 percent permanent partial to the body as a whole. Claimant's own testimony was that he had experienced no pain in his back or hip prior to the fall. As discussed above, claimant's testimony alone was sufficient to establish that he sustained injury as a result of the fall. *See Davies*, 429 S.W.2d at 748. In addition, two co-workers testified that after the accident they observed claimant walk in a stooped over manner, favoring his left side. The Commission was free to believe the deposition testimony of claimant's examining physician, as well as the testimony of claimant and his co-workers, in finding that claimant's fall from the ladder caused his low back and hip injuries.

Employer lastly challenges the testimony of claimant's examining physician. Employer first contends that "[b]ecause the testimony of the claimant has been shown to be in question, any opinions or conclusions derived or based upon such testimony is also in question." Employer further asserts that the hypothetical question posed to claimant's examining physician about causation with respect to the low back and hip was improper, because it did not set forth facts which were proven by substantial and competent evidence. Employer, in essence, questions the fact that claimant's testimony regarding his low back and hip formed the exclusive basis for the doctor's opinions as to his injuries and the cause thereof.

Because the Commission was free to determine the credibility of the witnesses and to believe or disbelieve any testimony, the Commission could have believed the testimony of claimant and of his examining physician regarding the nature and extent of the injuries claimant sustained in the fall. As discussed above, claimant's testimony alone was sufficient to establish that his back and hip were injured in the fall; and the hypothetical question based upon the existence of claimant's injuries was proper.

Because there was evidence in the record as a whole to support the Commission's award, we defer to the Commission; and on appeal, we will not disturb its decision to award workers' compensation benefits to claimant. Employer's point on appeal challenging the sufficiency of the evidence is denied.

The decision of the Commission is affirmed.

CRANE, P.J., and PUDLOWSKI, J., concur.