Mark JOST, Respondent,

v.

**BIG BOYS STEEL ERECTION, INC.,**
and Aetna Casualty & Surety Co.,
Defendants/Appellants.

No. 70583.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 10, 1997.

Lynn E. Newmark, St. Louis, for defendants/appellants.

W. Morris Taylor, Clayton, for respondent.

RHODES RUSSELL, Presiding Judge.

Big Boys Steel Erection, Inc. ("employer") and Aetna Casualty & Surety Co. appeal from the Labor and Industrial Relations Commission's ("Commission") decision awarding Mark Jost ("claimant") compensation for an injury occurring during the course

of his employment. We reverse the Commission's assessment of a penalty for employer's alleged violation of safety statutes in that the statutes are inapplicable to the facts of this case. We affirm the claimant's permanent partial disability award as there was substantial and competent evidence to support the award.

On or about August 23, 1991, claimant was working for employer as a steelworker at a job site on Manchester Road in St. Louis County. Claimant erected support columns for the framework of a building, installed bar joists, and loaded the roof decking. While wielding a bar joist down, the portion of the roof decking where claimant was standing, collapsed, resulting in his fall of sixteen feet to a concrete floor.

Claimant was taken to St. John's Hospital following the accident. He was treated for a compression fracture of his L–1 vertebrae, a fracture of the second and third metatarsal, a closed head injury with a cerebral contusion, a laceration to his head, and a knee injury.

The Division of Workers' Compensation held a hearing on September 8, 1995. The claimant testified as to his injuries and various medical reports were introduced into evidence. The Administrative Law Judge ("ALJ") entered an award assessing permanent partial disability for 280.5 weeks. The ALJ found the following disabilities: 20 percent of the body as a whole for the L–1 vertebrae compression; 20 percent of the body as a whole for the closed head injury and associated memory loss; 20 percent of the right knee for muscle atrophy; 15 percent of the right hand; 10 percent of the hand for the second and third metatarsal fractures. The ALJ also awarded 20 weeks of disfigurement due to facial scarring. A multiplicity factor of .2 was applied for the synergistic effect of the injuries. Additionally, the ALJ imposed a 15 percent statutory penalty under § 287.120 RSMo 1994[1] for the employer's violation of §§ 292.490 and 292.500. The total award was $70,967.28. The Commission affirmed the ALJ's entire award. This appeal now follows.

In its first point on appeal, employer argues that the Commission erred in assessing a penalty under § 287.120.4 for the employer's alleged violation of safety statutes.

Section 287.120.4 provides that:

Where the injury is caused by the failure of the employer to comply with any statute in this state or any lawful order of the division or the commission, the compensation and death benefit provided for under this chapter shall be increased fifteen percent.

Claimant stated that his injury was caused by the employer's failure to comply with safety statutes §§ 292.490 and 292.500. Those statutes require the construction of intermediate supports for bar joists and the construction of a temporary floor during the construction of a building. The Commission found that employer had violated these two safety statutes, and that the violation had caused claimant's injuries.

On appeal, employer argues that it did not violate the two safety statutes because § 292.450 states that the statutes "apply only to cities that now have or may hereafter have a population of fifty thousand or more inhabitants."

Employer argues that the accident did not occur in a city with a population of 50,000 or more. Claimant testified that the accident occurred on Manchester Road in the Ballwin area. Claimant, however, stated that he could not remember the exact location of the accident. No other evidence of the accident's location was produced. Furthermore, there was no evidence that the accident occurred within the boundaries of Ballwin nor within any specific city having a population of 50,000 or more.

▰ Although claimant apparently concedes that the accident did not occur in any city with a population of 50,000 or more, he argues that the statute should be liberally interpreted. Claimant contends that this minimum city population statute was enacted to ensure that the safety procedures outlined in § 292.490 and § 292.500 are followed in heavily populated areas. Claimant argues that the evidence clearly established that the

---

1.  Unless otherwise noted, all statutory references are to RSMo 1994.

accident occurred in somewhere in the Ballwin area which is a heavily populated area in the St. Louis metropolitan region. Claimant contends it would be illogical to apply the statute strictly to cities with 50,000 or more residents and not to apply it to densely populated metropolitan areas which might not technically have 50,000 residents within a given city's boundaries.

While claimant's argument is appealing, we cannot rewrite statutory language. Although we found no case law interpreting this particular statute, where statutory language is clear and unambiguous, there is no room for construction. *Hatfield v. McCluney,* 893 S.W.2d 822, 825 (Mo.banc 1995). The legislature clearly stated that the safety statutes apply only to cities with a population of 50,-000 or more. No evidence was presented that the accident occurred in such a city. As such, we have no choice but to reverse the Commission's 15 percent penalty imposed under § 287.120.4.

In that we have found these safety statutes inapplicable under these facts, it is unnecessary to address employer's points two and three which argue that even if the safety statutes were applicable, the Commission erred in concluding that they were violated.

■ Employer's final three points challenge the permanent partial disability award as not being supported by substantial and competent evidence. An award of the Commission may be overturned only if it is not supported by substantial evidence or when it is clearly contrary to the overwhelming weight of the evidence. *Lawton v. Trans World Airlines,* 885 S.W.2d 768, 770 (Mo. App.1994). On questions of fact, the inquiry is whether, upon reviewing the whole record and considering the evidence in the light most favorable to the Commission's findings, the Commission could have reasonably made such findings and reached the result it did. *Id.*

■ Employer argues that the Commission erred in awarding permanent partial disability based upon claimant's inability to return to work as a steelworker. Employer points out that the medical evidence indicated that claimant could return to work without restrictions. Employer further claims that the Commission found a greater permanent partial disability percentage than the evidence supported. This point is without merit.

■ The Commission is free to deviate from the exact disability percentages that medical experts estimate. *Quinlan v. Incarnate Word Hospital,* 714 S.W.2d 237, 238 (Mo.App.1986). This is especially true when there is additional testimony as to claimant's reduced ability to function. *Id.*

Claimant, who was found to be a credible witness, testified as to his inability to continue working as a steelworker. Based on this testimony, there was substantial and competent evidence to support the Commission's award. Point denied.

■ Employer next contends that the Commission erred in assessing a 20 percent permanent partial disability to the body as a whole for claimant's head injury and associated memory loss. Employer argues that the medical evidence indicated that claimant did not suffer any permanent damage as a result of his injury. This point is also without merit. There was sufficient evidence of a permanent partial disability to claimant in that he provided testimony that he sustained a serious head injury resulting in continuing headaches, short term memory loss, difficulty with directions, and inability to follow basic instructions. This testimony is sufficient to support the award. *Lawton v. Trans World Airlines,* 885 S.W.2d at 770. In addition, the medical reports of a doctor who examined claimant, concluded that claimant suffered from post-concussion syndrome, which he evaluated at 15 percent of the body as a whole. Given this evidence, we conclude the Commission's findings were supported by substantial evidence. Point denied.

■ In its final point, employer contends the Commission erred in awarding 20 percent permanent partial disability for claimant's injury to his right knee. Employer contends that the claimant did not prove the extent and duration of the disability by substantial and competent evidence. We disagree.

There was medical evidence that claimant may never recover full function of his knee. Claimant also testified that he was still suffering weakness in the knee and did not have full function of the knee. Given this evidence, the Commissions's award of 20 percent permanent partial disability at the level of the knee was supported by substantial evidence and we will not disturb this award. Point denied.

Judgment is affirmed as to the permanent partial disability award and reversed as to the statutory penalty.

SIMON and KAROHL, JJ., concur.