David L. SHARP, Appellant–Respondent,

v.

NEW MAC ELECTRIC COOPERATIVE, Respondent–Appellant,

and

Treasurer of the State of Missouri, as Custodian of Second Injury Fund, Respondent.

Nos. 24833, 24850.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 7, 2003.

Jack L. Eisen, Joplin, for appellant/respondent David Sharp.

Joseph M. Page, Beverly J. Figg, Jefferson City, for respondent/appellant New Mac Elec. Coop.

JOHN E. PARRISH, Judge.

David L. Sharp (claimant) appeals the failure of the Labor and Industrial Relations Commission (the commission) to award enhanced permanent partial disability benefits based on the body as a whole in a workers' compensation case. That appeal is No. 24833. New Mac Electric Cooperative (employer) appeals the commission's finding that claimant's medical care would be left open. That appeal is No. 24850. The appeals have been consolidated. The commission's award is affirmed.

Claimant was employed as a journeyman lineman. He filed two claims for workers' compensation. One sought benefits for injuries sustained because he "got caught up in wires, stumbled and twisted [his] right knee." That accident is alleged to have occurred "7—1998." The second claim sought benefits for an injury sustained when claimant "[s]tarted to go down into [a] ditch to retrieve some cable when [his] foot slipped on wet grass, twisting [his] left knee and right knee." The second accident is alleged to have occurred "8/17/98."

The administrative law judge (ALJ) found "that claimant has sustained a 20 percent permanent partial disability to the left knee and a 10 percent permanent partial disability to the right knee." The ALJ found the disabilities were the result of the August 17, 1998, injury; that "the injury of the first week of July of 1998 although requiring medical treatment was not a disabling injury." Claimant was taking prescribed medication for the disabling injuries at the time of the hearing. The ALJ found that because future medical care was necessary, "future medical care must be left open." The commission adopted the ALJ's decision by incorporating the decision as part of its final award that affirmed the ALJ's award.

 In its review of a workers' compensation award, this court views the evidence and legitimate inferences that arise from that evidence in the light most favorable to the commission's award. *Wilmeth v. TMI, Inc.*, 26 S.W.3d 476, 478 (Mo.App. 2000). This court will not substitute its judgment on issues of fact for that of the commission. *Id.* The commission's award will be set aside only if there is no substantial evidence to support it or it is clearly contrary to the overwhelming weight of the evidence. *Id.*

*No. 24833*

Claimant presents three points on appeal. All are directed to the disability ratings of the commission. Point I argues the trial court erred by failing to award enhanced permanent partial disability benefits to establish an award of disability to the body as a whole. Points II and III argue the commission's assessments of disability were against the greater weight of the evidence; that it was error not to have accepted evidence estimating claimant's disability to be other than the commission established.

 In arguing the commission erred in not awarding enhanced permanent partial disability, claimant contends, as the commission found, that the two injuries he sustained resulted from the same accident. He argues, "There was interaction of the injuries off of each other and load bearing to the body," thereby concluding there was an enhancing effect to the injuries. Claimant contends the commission should have applied an enhancement factor, commonly referred to as a "multiplicity factor," to award permanent partial disability to the body as a whole.

A multiplicity factor is "a special or additional allowance for cumulative disabilities resulting from a multiplicity of injuries." *Eagle v. City of St. James,* 669 S.W.2d 36, 42 (Mo.App.1984). The commission has the discretion to include a multiplicity factor in assessing cumulative disabilities but is not required to do so. *Chambliss v. Lutheran Medical Center,* 822 S.W.2d 926, 932 (Mo.App.1991).

Whether claimant's injuries warranted use of a multiplicity factor in assessing disability was a question of fact for determination by the commission. There is substantial evidence to support the commission's determination. The award is not clearly contrary to the overwhelming weight of the evidence. Point I is denied.

Points II and III contend the commission should have relied on medical evidence that claimant suffered greater percentages of disability than those assessed by the commission. There was conflicting medical evidence regarding the extent of his disabilities. When there is conflicting evidence as to the permanent partial disability of a claimant, the issue is peculiarly for the commission's determination. *Landers v. Chrysler Corp.,* 963 S.W.2d 275, 282 (Mo.App.1997). The commission is free to deviate from the exact disability percentages given by the medical experts, especially when, as here, there is additional testimony as to the claimant's ability to function. *Jost v. Big Boys Steel Erection, Inc.,* 946 S.W.2d 777, 779 (Mo. App.1997).

The commission based its findings on the medical testimony it heard and the description by claimant "of the pain, swelling, locking, and soreness of the right knee as well as the pain and restricted use and altered gait caused by the left knee." Points II and III are denied.

*No. 24850*

Employer presents one point on appeal. Employer argues the commission erred in ordering that future medical expenses be left open; that the decision in that regard "went against the clear weight of the evidence in that claimant's treating physician testified that it was quite likely that [claimant] would have required future medical treatment to his knees even without the work related injury."

"The worker's compensation act permits the allowance for the cost of future medical treatment in a permanent partial disability award." *Landers v. Chrysler Corp.* 963 S.W.2d at 283. There is no requirement for a claimant to prove specific medical treatment will be required in order for payment of future medical expenses to be made available. What is required is proof there is a "reasonable probability" that additional medical care will be needed to treat the work-related injury. *Id.*

There was testimony from two physicians, Dr. Koprivica and Dr. Black, that claimant's work injury resulted in permanent injuries to his knees. Both physicians agreed the injury required future treatment, including anti-inflammatory medication, steroid injections and, possibly, surgery. The evidence supports the award of future medical care benefits. Employer's point is denied. The award of the commission is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.